

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Edgar A. Maddox
County Attorney
Palo Pinto County
Palo Pinto, Texas

Dear Sir:

Opinion No. O-3725
Re: May the carcasses of deer
lawfully killed in Palo
Pinto County by landowners,
or under their direction,
while in the act of destroy-
ing crops, pastures or
gardens, be retained?

In your letter of November 12, 1941, you request our opinion on the above question, citing Sections 1 and 2 of House Bill No. 217, 47th Legislature, Regular Session, 1941, and Section 1 of House Bill No. 153, 47th Legislature, Regular Session, 1941.

The first three sections of said House Bill No. 217 are as follows:

"Section 1.   It shall be unlawful for any person to hunt, trap, ensnare, kill, or attempt to kill by any means whatsoever any wild deer, buck, doe, fawn, or wild turkey in Stephens and Palo Pinto Counties for a period of four (4) years from and after the passage of this Act.

"Sec.   2.   Any person violating the provisions of this Act shall be deemed guilty of a misdemeanor and shall, upon conviction, be fined in any sum not less than Twenty Dollars ($20) nor more than Two Hundred Dollars ($200); provided, however, when deer are destroying crops, pastures, or gardens, the owner or per- son in charge of said crops, pastures, or gardens,

may kill or have killed such deer while in
the act of destroying such crops, pastures,
or gardens.

"Sec. 3. All laws or parts of laws in
so far as they conflict with any portion of
this Act be, and the same are, hereby re-
pealed."

The fourth and last section recites the fact that the previous
law has not been sufficient to protect the crops, pastures and
gardens of the farmers of these two counties, and declares an
emergency.

House Bill No. 153 (now codified as Art. 909a, Ver-
non's Penal Code of 1925) regulates the placing and keeping of
deer, or parts thereof on cold storage, and the disposition
thereof. But the first section thereof provides in general
terms as follows:

"Section 1. Any deer or part of same law-
fully killed or entered into this State may be
possessed from the time that same was lawfully
killed or entered into this State and until
the following June 5th."

It will be noted that the proviso in House Bill No.
217, permitting the owner or other person in charge of a crop,
pasture or garden in Stephens or Palo Pinto Counties to kill
or have killed deer destroying such property, constitutes an
exception to the general closed season in those counties, and
so must be strictly construed. See 39 Texas Jurisprudence,
pages 277 and 278, and cases there cited. Thus the killing,
to be lawful, must be done while the deer is in the act of de-
stroying the crop, pasture or garden owned by, or in charge of,
the person doing the killing or having it done.

Assuming, as you do in your inquiry, that the deer
was killed under such conditions, then it was lawfully killed,
and the plain provisions of Section 1 of House Bill No. 153
permit its retention until the following June 5th. This is
particularly true in view of the fact that House Bills No. 217
and 153 are the latest expressions of the legislative will upon
the subject.

We call to your attention, however, the fact that Ar-
ticle 923(g), Vernon's Penal Code of 1925, prohibits the use of

a deer call in hunting deer; Article 923h prohibits the sale, offering for sale, or possession after purchase of any wild deer, or the carcass, hide or antlers thereof; Article 880 prohibits the use of a dog in hunting deer in Stephens and Palo Pinto Counties (among others); Article 901 prohibits hunting from an automobile, powerboat, etc.; and Article 902 prohibits hunting by means of any artificial light. These statutes are not in any manner effected by the provisions of House Bill No. 217.

It is, therefore, our opinion that the carcasses of deer lawfully killed in Palo Pinto County by landowners, or under their direction, while in the act of destroying crops, pastures or gardens, may be retained and used until the following June 5th, in the same manner, and under the same conditions, as if they had been lawfully killed during an open season.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  (s)          W. R. Allen
                    Assistant

WRA:RS

APPROVED DEC. 12, 1941
(s)  Grover Sellers
First Assistant Attorney General

APPROVED
Opinion Committee
By  B. W. B.  Chairman